IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LAWRENCE RICHARDSON III,     )         8:08CV211
                         )
       Plaintiff,         )
                         )
       v.             )        **MEMORANDUM**
                         )        **AND ORDER**
NEBRASKA STATE PATROL, and  )
UNKNOWN TUMA, Colonel,    )
                         )
       Defendants.     )

Plaintiff filed his Complaint on May 12, 2008.  ([Filing No. 1.](#))  Plaintiff has previously been given leave to proceed in forma pauperis.  ([Filing No. 5.](#))  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. §§ 1915(e)](#).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 12, 2008, against two Defendants, the Nebraska State Patrol and Colonel Tuma.  ([Filing No. 1](#) at CM/ECF pp. 1.) Summarized,[1] Plaintiff alleges that Defendants improperly classified him as a felon, and improperly denied Plaintiff the issuance of a license to carry a concealed firearm. (*[Id.](#)*) This denial happened without a "hearing of any kind."  (*[Id.](#)*) Plaintiff alleges that he is not a felon, and that he has been denied procedural and substantive due process. (*[Id.](#)*)  Plaintiff seeks $1,000,000.00 in monetary damages, and an "injunction against further violations" of his constitutional rights.  (*[Id.](#)*)

---

[1]Plaintiff's entire Complaint consists of four sentences and less than one full page.

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967)*,* and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Defendants have deprived him of his right to carry a concealed weapon.  "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest.  *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).  However, there is no constitutionally protected liberty or property interest in a concealed weapon permit.  *Gross v. Norton,* 120 F.3d 877, 878 (8th Cir. 1997); *see also Erdelyi v. O'Brien*, 680 F.2d 61,63 (9th Cir. 1982)); *Love v. Pepersack*, 47 F.3d 120, 122-23 (4th Cir. 1995) (holding that no property right to gun permit existed where local authorities had discretion to grant or deny permit); *Conway v. King*, 718 F. Supp. 1059, 1061(D.N.H. 1989) (holding that no property interest was created by New Hampshire gun permit statute).

Here, Plaintiff alleges that Defendants improperly denied him a license to carry a concealed firearm without first holding a hearing. (Filing No. 1 at CM/ECF pp. 1.) However, as set forth above, Plaintiff does not possess a constitutionally protected liberty or property interest to have a concealed weapon permit.  Because of this, Plaintiff's Complaint fails as a matter of law.  Plaintiff's Complaint must therefore be dismissed for failing to state a claim upon which relief may be granted.  Further, even if Plaintiff had properly stated a claim, the Nebraska Concealed Handgun Permit Act states that:

> An applicant denied a permit to carry a concealed handgun may appeal to the district court of the judicial district in the county in which he or she resides or the county in which he or she applied for the permit pursuant to the Administrative Procedure Act.

3

Neb Rev. Stat. §69-2430(4). While this court is not the proper forum for Plaintiff's challenge to the decision regarding his concealed handgun permit, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the appropriate Nebraska district court.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (filing no. 1) is dismissed without prejudice in accordance with this Memorandum and Order.

2.     A separate Judgment will be entered in accordance with this Memorandum and Order.

3.     The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

August 11, 2008.                          BY THE COURT:

                                          *s/Richard G. Kopf*
                                          United States District Judge

4